DENNIS, Justice,
concurring.
I respectfully concur.
I agree that there is a justiciable controversy over which the juvenile court has jurisdiction. Furthermore, I join in the opinion that the juvenile court erred in declaring Act 339 of 1982 (La.R.S. 40:1299.-36.1) unconstitutional based on the reasons stated in the juvenile court opinion. However, I do not believe the lawmakers by Act 339 of 1982 (La.R.S. 40:1299.36.1) intended to establish in a permanently comatose child the right “to have his parents and physicians discontinue artificially sustained life under certain conditions” or to grant any type of civil or criminal immunity to his parents or physician. Paragraph C of the act merely provides that other provisions of Act 339 shall not be interpreted to prevent a child’s parents and physician from discontinuing a life support system for a child in a continual profound comatose state where, in the opinion of the child’s physician exercising competent medical judgment, the child has no reasonable chance of recovery from the coma. The petitioners in this case have asked only for a declaratory judgment that the child is in a continual profound comatose state and has no reasonable chance of recovery, so as to be governed by paragraph C of the act. I see no necessity for this court in this case to recognize or create a right to die or to immunize anyone from civil or criminal responsibility for the discontinuance of life support systems. I would also reserve judgment on the question of whether Act 339 is a law which subjects any person to euthanasia in violation of Article 1 § 20 of the 1974 Louisiana Constitution, because this issue has not been raised by the parties and was not considered by the juvenile court.